IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

JANET R. HEMMINGER,

                Plaintiff,                OPINION AND ORDER

    v.                                          08-cv-186-bbc

MICHAEL ASTRUE,
Commissioner of Social Security,

                Defendant.

---

      This is a social security appeal brought pursuant to 42 U.S.C. § 405(g). On December 15, 2008, I entered an order reversing and remanding the decision of defendant Commissioner of Social Security, finding that substantial evidence did not support his determination that plaintiff Janet R. Hemminger was not disabled under the Social Security Act. Plaintiff has now filed an application for an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. Plaintiff is seeking fees in the amount of $5,948.50 for 47.55 hours of work performed by her lawyers. Defendant disputes both the amount of the fees sought and the characterization of his position as unjustified. Because I find that defendant's position was unjustified and the requested fees are reasonable, I will grant the petition for an award of fees.

      The following undisputed and material facts are taken from the record.

FACTS

On November 30, 2004, plaintiff filed an application for a period of disability and disability insurance benefits under §§ 216(I) and 223 of the Social Security Act, alleging that she was disabled from fibromyalgia, tendinitis and arthritis. After a hearing, an administrative law judge issued a decision in which she applied the sequential five-step analysis for disability claims, 20 C.F.R. § 404.1520. At the third step, she found that plaintiff had the severe impairment of fibromyalgia that caused the symptoms of poor sleep, chronic pain and fatigue, but that the impairment was not severe enough to be presumptively disabling. As part of her analysis, the administrative law judge determined that plaintiff retained the residual functional capacity to perform sedentary to light work with the ability to lift 10 pounds frequently and 20 pounds occasionally, and sit, stand or walk for six hours in an eight-hour work day, provided that she could change position from sitting to standing every half hour. Although these limitations prevented plaintiff from performing her past relevant work as an accountant or truck driver, the administrative law judge found, relying on the Medical-Vocational Guidelines, that plaintiff was not disabled at step five because she could perform essentially a full range of unskilled sedentary to light work.

Plaintiff filed an action for judicial review pursuant to 42 U.S.C. § 405(g), arguing that the administrative law judge did not properly address her credibility, did not properly

consider the opinion of her treating physician, did not properly address her mental limitations and did not make a proper step five determination. On December 15, 2008, I entered an order reversing the decision of the Commissioner. Op. and Order, dkt. #11. Agreeing with plaintiff "on all counts," id., at 2, I found that the administrative law judge erred in making her step five determination because she failed to call a vocational expert to testify regarding the occupational impact of the requirement that plaintiff be allowed to change position from sitting to standing every half hour. Id., at 13-15. In addition, I found that the administrative law judge failed to build an accurate and logical bridge from the evidence to her conclusion that plaintiff's complaints were not credible. Id., at 15-18. I indicated that because of this failure, the administrative law judge was required on remand to reconsider the evidence from plaintiff's treating physician, whose opinion she had rejected on the ground that it was based primarily on plaintiff's subjective complaints. Id. at 18. Finally, I directed the administrative law judge to reconsider whether plaintiff had a severe mental impairment and whether, in combination, plaintiff's impairments rendered her unable to work. Id. at 18-19.

On March 16, 2009, plaintiff filed a motion for an award of attorney fees under the Equal Access to Justice Act. She seeks fees at the rate of $180 an hour for her lawyer, Frederick Daley; $125 an hour for work performed by law clerk, Suzanne Blaz; and $100 an hour for work performed by law clerk Emma Drozdowski and a paralegal. Daley is a

3

partner in the firm that handled this case and has extensive experience litigating social security cases, having done so since 1973. Blaz has worked for the Daley firm since November 2001, first as a paralegal and then as head law clerk/paralegal. She obtained her law degree in January 2007. Drozdowski is a law student at Loyola University Chicago School of Law. Plaintiff's time logs show that on this case, Daley logged 10.05 hours, Blaz logged 15.20 hours, Drozdowski logged 16.8 hours and the paralegal logged 2 hours, for a total of 44.05. After the petition was filed, Blaz spent three hours preparing and filing the reply, and Daley spent .5 hour editing and revising it.

OPINION

A. Entitlement to Attorney Fees

Under the substantially justified standard, a party who succeeds in a suit against the government is not entitled to fees if the government took a position that had "a reasonable basis in law and fact." Young v. Sullivan, 972 F.2d 830, 835 (7th Cir. 1992) (quoting Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988)). To satisfy the substantial justification standard, the government must show that its position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced. United States v. Hallmark Construction Co., 200 F.3d 1076, 1080 (7th Cir. 2000). Put another

4

way, "[t]he test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action." Kolman v. Shalala, 39 F.3d 173, 177 (7th Cir. 1994). The government carries the burden of proving that its position was substantially justified. Marcus v. Shalala, 17 F.3d 1033, 1036 (7th Cir. 1994). The commissioner can meet his burden if a "genuine dispute" existed or if reasonable people could differ about the propriety of the contested action. Pierce, 487 U.S. at 565.

When considering whether the government's position was substantially justified, the court must consider not only the government's position during litigation but also its position with respect to the original government action that gave rise to the litigation. 28 U.S.C. § 2412(d)(1)(B) (conduct at administrative level relevant to determination of substantial justification); Gotches v. Heckler, 782 F.2d 765, 767 (7th Cir. 1986). "[Equal Access to Justice Act] fees may be awarded if either the government's prelitigation conduct or its litigation position are not substantially justified. However, the district court is to make only one determination for the entire civil action." Marcus, 17 F.3d at 1036 (internal citations omitted); see also Jackson v. Chater, 94 F.3d 274, 278 (7th Cir. 1996) (Equal Access to Justice Act requires single substantial justification determination that "simultaneously encompasses and accommodates the entire civil action"). Thus, fees may be awarded where the government's pre-litigation conduct was not substantially justified despite a substantially justified litigation position. Marcus, 17 F.3d at 1036. A decision by an administrative law

5

judge constitutes part of the agency's pre-litigation conduct, making an examination of that conduct necessary to the substantial justification inquiry. Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004).

In spite of the fact that I rejected most if not all of his arguments, the commissioner contends that his position is substantially justified. First, he argues that it is not clear from this court's opinion whether it would have remanded the case were it not for the administrative law judge's error in relying on the Medical-Vocational Guidelines at step five. With respect to the step five issue, he argues, it was reasonable for him to take the position that the administrative law judge's error at step five was harmless because the record did not support the need for a sit-stand limitation.

The commissioner's arguments are not persuasive. The fact that I described the administrative law judge's step five error as my "primary concern" was not meant to suggest that none of the other errors noted in the opinion would have merited a remand. To the contrary, I discussed at some length the flaws in the administrative law judge's residual functional capacity assessment, noting that the administrative law judge had overstated the significance of medical records in which plaintiff's condition was noted to be "stable" and in which plaintiff was encouraged to engage in moderate activity. In addition, I found that the administrative law judge had "played doctor" when she determined that plaintiff's treatment regime was incompatible with the severe limitations reported by plaintiff and her

6

treating doctor. Because of these flaws, the administrative law judge lacked a reasoned basis for rejecting both plaintiff's subjective complaints and the opinion of plaintiff's treating physician, who appeared to have taken those subjective complaints into account in formulating his opinion. Finally, I noted that the administrative law judge had mischaracterized the testimony of the medical expert concerning plaintiff's mental limitations, which "raise[d] a question whether she conducted a competent evaluation of the evidence." Op. and Order, dkt. #11, at 20. In short, although the administrative law judge's error at step five was my primary concern, it was not my only concern.

In failing to build an accurate and logical bridge between the evidence and her residual functional capacity assessment, the administrative law judge violated longstanding agency regulations and judicial precedent. Zurawski v. Halter, 245 F.3d 881, 887 (7th Cir. 2001) (when administrative law judge denies benefits, she must build accurate and logical bridge from evidence to conclusion); Shramek v. Apfel, 226 F.3d 809, 811 (7th Cir. 2000) (administrative law judge must cite sound reasons for credibility determination that are supported by evidence in record); Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000) (administrative law judge must build accurate and logical bridge between evidence and conclusion). She committed another error by failing to call a vocational expert to assess the impact that plaintiff's need to alternate positions would have on the relevant job base. As explained in the December 15 order, the commissioner's regulations and rulings address this

situation specifically, providing that an administrative law judge cannot rely on the Medical-Vocational Guidelines at step five but must call on a vocational expert in cases involving significant non-exertional limitations. 20 C.F.R., Pt. 404, Subpt. P., App. 2, § 200.00(e); Soc. Sec. Ruling 83-12. In defending the administrative law judge's decision, the commissioner did not disagree with this conclusion, but instead argued that this court should simply re-write the administrative law judge's residual functional capacity assessment and find that plaintiff had no need to alternate positions. In doing so, the commissioner violated the doctrine announced in SEC v. Chenery Corp., 332 U.S. 194, 196 (1947), which "forbids the lawyers for an administrative agency to defend the agency's decision on a ground different from that stated or at least discernible in the decision itself." Mengistu v. Ashcroft, 355 F.3d 1044, 1046 (7th Cir. 2004). The government did not have a reasonable basis in law or fact for taking a litigation position contrary to this principle.

In sum, having reviewed the administrative law judge's decision, my order on the merits and the parties' briefs, I am persuaded that neither the government's pre-litigation position nor its litigation position in this case was substantially justified. Accordingly, I will grant plaintiff's request for attorney fees and costs.

B. Reasonableness of Fees

In <u>INS v. Jean</u>, 496 U.S. 154, 161 (1990), the Supreme Court held that the district court's task of determining what fee is reasonable under the Equal Access to Justice Act is essentially the same as that described in <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983). Under <u>Hensley</u>, the starting point for determining a reasonable fee is to multiply the number of hours reasonably expended by a reasonable hourly rate. <u>Hensley</u>, 461 U.S. at 433. The court should exclude from this initial fee calculation hours that were not "reasonably expended," such as those that are excessive, redundant or otherwise unnecessary, considering factors such as the novelty and difficulty of the questions, the skill required to perform the legal service properly, the customary fee and other factors. <u>Id</u>. at 434 n.9. Whether the hours would be properly billed to a client guides the inquiry. <u>Id</u>. at 434.

Defendant does not object to plaintiff's proposed hourly rates but argues that the fee request is excessive. Primarily, defendant argues to what he characterizes as an unnecessary duplication of effort on plaintiff's initial brief. According to the time log, Drozdowski spent 16.8 hours drafting the initial brief, Blaz spent approximately six and a half hours reviewing and editing the brief and Daley spent another five hours editing and revising it. The commissioner also argues that because this court remarked that plaintiff's briefs were "poorly argued and lacked focus," this duplication of effort did not result in an enhanced work product. He asks the court to reduce the fees by 50 percent.

9

Although I decline to accept defendant's arbitrary suggestion to cut the fees in half, I do agree that some reduction is in order for the duplication of effort on the initial brief. Although the use of law clerks is often a money-saving measure, that is only true if the law clerk can produce work that is reasonably comparable to that produced by an attorney. In this case, however, it appears that the work produced by the first law clerk underwent substantial revision by a more experienced clerk and an attorney. If this case was being billed to a private client, one would expect the Daley firm to excise some of that work from its bill in light of the substantial revision it required. I find that 10 hours was a reasonable amount of time to have billed for Drozdowski's work. Adjusting plaintiff's fee petition accordingly results in a reduction of $680.

Also, the commissioner complains that some of the time billed by Blaz and the paralegal were for purely clerical tasks not compensable at the paralegal or law clerk rate. Def's. Response to Plt.'s Mot. for EAJA Fees, dkt. 17, at 9. I agree with defendant that a reduction is warranted for time spent by the legal team on tasks that can be characterized as purely secretarial and not requiring any specialized legal skill, although I do not agree with all of defendant's proposed excisions. The following entries will be excised from Blaz's time log: .1 hour on February 29, 2008 for receiving the court forms from plaintiff; .15 hour on April 11, 2008 for receiving a check from plaintiff and drafting a cover letter to the court; .1 hour on May 7, 2008 for calling the clerk to ask about summons forms; .2 hours on May

23, 2009 for obtaining information from the post office and scanning proof of service. This leads to a reduction of $68.75 (.55 hour at $125 an hour). I find that the remainder of the time spent by the legal team required some degree of legal knowledge and was reasonable.

Finally, although defendant has not had the opportunity to review plaintiff's supplemental request for fees incurred defending the fee petition, I have reviewed it and find that the amount of hours sought by plaintiff in conjunction with defending his fee request (3 law clerk hours and ½ hour of attorney time) is reasonable. Accordingly, plaintiff is entitled to fees totaling $5,199.75 ($5,948.50 less $748.75).

## ORDER

IT IS ORDERED that the petition of Janet Hemminger for an award of attorney fees under the Equal Access to Justice Act is GRANTED. Plaintiff is awarded fees in the amount of $5,199.75.

Entered this 26th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge